**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joseph Handler, individually and on behalf of all others similarly situated; <br> Plaintiff, <br><br> -v.- <br><br> Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc.; <br><br> Defendants. | C. A. No.: 7:22-cv-11008 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Handler ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. ("Defendant" or "FBCS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of New York, County of Orange.

8.  Defendant FBCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9.  FBCS is registered in New York with an address for service of process located at 330 South Warminster Road, Suite 353, Hatboro, Pennsylvania 19040.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due itself or another.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom FBCS sent an initial collection letter in an attempt to collect a consumer debt reduced to judgment;

    c. wherein the letter fails to disclose that interest continues to accrue or a statement that further interest has been waived, despite interest accrual by operation of law; and

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§1692e and 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to September 21, 2022, an obligation was allegedly incurred to non-party Chase.

22. The subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, personal credit.

23. Thus, the alleged Chase obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. Through one or more transactions following the Plaintiff's alleged default, non-party Palisades Collection LLC ("Palisades Collection") acquired the rights to the debt.

25. Accordingly, Palisades Collection is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26. According to the Letter (defined below), Palisades Collection contracted with FBCS to collect on the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – September 21, 2022 Collection Letter*

28. On or about September 21, 2022, Defendant sent the Plaintiff an initial collection letter ("Letter"). A copy of this Letter is attached as Exhibit A.

29. The Letter sets forth that Plaintiff owed $2,068.23 as of 5/18/2006, that $2,932.63 in interest accrued since that time, and the total amount of the debt now (September 21, 2022) as $5,000.86.

30. However, the Letter fails to disclose that interest continues to accrue or a statement that further interest accrual has been waived.

31. Upon information and belief, the debt was reduced to a money judgment.

32. Accordingly, the debt accrues interest by operation of law.

33. Thus, without a statement that further interest accrual has been waived, the Letter is misleading on its face because it fails to disclose that interest continues to accrue.

34. The Letter does not provide the least sophisticated consumer, and the Plaintiff, with the material information concerning the correct balance or whether the balance may change.

35. Due to the lack of material and truthful information, Plaintiff does not know if the amount of his obligation is static or dynamic.

36. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), Plaintiff would pay the dynamic debt first.

37. Defendant cannot imply or suggest that there will not be more charges or reductions when in fact there will be additional charges or reductions.

38. That false advice could incentivize the Plaintiff to pay the debt, or not pay the debt, at a time when, if accurately advised, he would do the opposite.

39. A changing balance is a quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual, or refrain from paying as a means of taking advantage of a shrinking balance.

40. For the foregoing reasons, Defendant failed to give the Plaintiff a valid G-Notice, and deprived the Plaintiff of all rights derived therefrom, by continuing with its collection despite the deficiencies in the Letter.

41. The Letter is therefore false, deceptive, misleading, and unfair.

42. Because of the conflicting information, Plaintiff suspected the Letter might be fraudulent or suspect, in whole or in part.

43. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

44. Plaintiff was therefore unable to make payment on the debt.

45. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

46. Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Letter not been improper.

47. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Letter demanding payment did not make sense.

48. Defendant's actions caused the Plaintiff to suspect there was fraud involved with this collection.

49. Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

50. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

51. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of further negative informational furnishment concerning the collection to credit bureaus, and ultimate dissemination to third-parties, to the Plaintiff's financial and reputational detriment.

52. During this time, and because of this, Plaintiff suffered emotional harm because of the Defendant's improper acts.

53. Plaintiff suffered from apprehension and restlessness, suspecting a fraudulent collection.

54. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

55. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

56. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, defamation and conversion.

57. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

58. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

59. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

60. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

61. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

62. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

63. As described above, Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

64. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

65. As a result of the Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

66. Plaintiff repeats the above allegations as if set forth here.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated said section by:

   a. Making a deceptive and misleading representation in violation of §§ 1692e and 1692e (10) by, as described above, providing incomplete and/or conflicting information concerning the amount due; and

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

70. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

71. Plaintiff repeats the above allegations as if set forth here.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

73. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

74. Pursuant to 15 U.S.C. § 1692g(b):

   If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is

disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

75. Defendant violated said section by:

   a. Failing to clearly identify the amount of the debt and/or whether interest will continue to accrue in violation of § 1692g(a)(1); and

   b. Depriving the Plaintiff of his right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without properly issuing a valid G-Notice in violation of violation of § 1692g(a)-(b).

76. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joseph Handler, individually and on behalf of all others similarly situated, demands judgment from the Defendant FBCS as follows:

   i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

   ii. Awarding the Plaintiff and the Class statutory damages;

   iii. Awarding the Plaintiff and the Class actual damages;

   iv.    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v.    Awarding pre-judgment interest and post-judgment interest; and

   vi.    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 31, 2022                        Respectfully submitted,

                                                    **Stein Saks, PLLC**

                                                    /s/ Robert Yusko
                                                    By: Robert Yusko, Esq.
                                                    One University Plaza, Suite 620
                                                    Hackensack, NJ 07601
                                                    Phone: (201) 282-6500
                                                    Fax: (201) 282-6501
                                                    ryusko@steinsakslegal.com

                                                   *Attorneys for Plaintiff*